Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE SAN JUAN, representado por su Alcalde, Hon. Miguel Romero Lugo<br><br>Parte Apelante<br><br>v.<br><br>ZACHARY LUKIN GIOCOMO; AGRIMENSOR DANIEL GÓMEZ MARRERO; ING. CARLOS R. OQUENDO RODRÍGUEZ Y OTROS<br><br>Parte Apelada | TA2026AP00371<br><br><br><br><br>Consolidado con: | *APELACIÓN*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: SJ2026CV00754<br><br>Sobre:<br>Ley para la Reforma del Proceso de Permisos (Ley Núm. 161-2009) |
| MUNICIPIO AUTÓNOMO DE SAN JUAN, representado por su Alcalde, Hon. Miguel Romero Lugo<br><br>Parte Apelada<br><br>v.<br><br>ZACHARY LUKIN GIOCOMO; AGRIMENSOR DANIEL GÓMEZ MARRERO; ING. CARLOS R. OQUENDO RODRÍGUEZ; y FULANO DE TAL<br><br>Parte Apelante | TA2026AP00402 | *APELACIÓN*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: SJ2026CV00754<br><br>Sobre:<br>Ley para la Reforma del Proceso de Permisos (Ley Núm. 161-2009) |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de mayo de 2026.

---

[1] [1] Véase DJ 2025-063A del 20 de abril de 2026.

El 10 de abril de 2026, el Municipio de San Juan (el Municipio) presentó una *Apelación civil*, asignado el alfanumérico TA2026AP00371, en la que solicitó que revoquemos la *Sentencia* emitida y notificada el 30 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario).[2]

En el aludido dictamen, el foro primario desestimó la *Petición* instada por el Municipio en virtud de que el remedio solicitado por este era susceptible de una Revisión Judicial ante este Tribunal de Apelaciones y no el foro primario.

Por otro lado, el 21 de abril de 2026, el señor Daniel Gómez Marrero (el señor Gómez Marrero) y Zachary Lukin Giocomo (el señor Lukin Giocomo) radicaron ante nos una *Apelación*, bajo el alfanumérico TA2026AP00402, en la que suplicaron que revoquemos la *Resolución* emitida el 1 de abril de 2026, notificada el 6 de abril de 2026, por el TPI.[3] En el mencionado dictamen, el foro primario concedió la cuantía de $2,000.00 en concepto de honorarios de abogados.

Ante ello, el 23 de abril de 2026, emitimos una *Resolución* en la que ordenamos la consolidación de ambos recursos puesto que están relacionados con las mismas partes y apelan el mismo dictamen.

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada, expedimos el auto de *certiorari* y revocamos la *Resolución* recurrida.

**I.**

El caso de autos tuvo su origen cuando el 30 de enero de 2026, el Municipio instó una *Petición* al amparo del Art. 14.1 de la *Ley para la Reforma del proceso de permisos de Puerto Rico*, Ley

---

[2] Entrada núm. 41 del caso núm. SJ2026CV00754 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).

[3] Por el peticionario recurrir de una *Resolución*, acogeremos el recurso como un Certiorari. Por razones de economía procesal, hemos decidido conservar la clasificación alfanumérica asignada por la Secretaría de este Tribunal.

Núm. 161-2009, según enmendada, 23 LPRA sec. 9024 (Ley Núm. 161-2009), en la que alegó que, el 11 de junio de 2025, recibió una *Querella* por parte de un vecino del señor Lukin Giocomo, en la que argumentó que, en la residencia del señor Lukin Giocomo se estaba construyendo una terraza en el tercer nivel y una piscina sin los permisos correspondientes.[4] A raíz de ello, el Municipio alegó que, realizó una inspección en la que denotó la construcción de una piscina y la terraza en controversia. Consecuentemente, el Municipio expidió una multa ante la falta de permisos de construcción, ordenó la paralización de la obra de construcción y solicitó que el señor Lukin Giocomo diligenciara los correspondientes permisos. No obstante, el Municipio sostuvo que, ante los incumplimientos del señor Lukin Giocomo y el señor Gómez Marrero, agrimensor del proyecto de construcción, en no cesar de construir, el Municipio emitió una *Orden de Cese y desista*. Así las cosas, el 25 de agosto de 2025, el PA Gómez aprobó el permiso de construcción, pese a que no contaba con los planos relacionados a la construcción. El Municipio, adujo que, el 8 de septiembre de 2025, volvió a visitar la propiedad en la que denotó unas irregularidades en la construcción. Por tanto, solicitó que el TPI celebrara una vista, ordenara la paralización de la construcción, revoque los permisos de construcción y ordene la demolición de cualquier estructura construida, la cual no estaba debidamente autorizada.

El 2 de febrero de 2026, el foro primario emitió una *Orden* en la que ordenó la celebración de una vista evidenciaría.[5]

Luego el 6 de marzo de 2026, el señor Gómez Marrero radicó una *Solicitud de desestimación* en la que alegó que la *Petición* debía ser desestimada dado que el TPI carecía de jurisdicción sobre la

---

[4] Entrada núm. 1 del caso núm. SJ2026CV00754 en el SUMAC.
[5] Entrada núm. 4 del caso núm. SJ2026CV00754 en el SUMAC.

materia al palio de la Regla 10.2 de Procedimiento Civil, 32 LPRA, Ap. V, R. 10.2.[6] Ello, pues la *Petición* presentada por el Municipio era un ataque colateral a una determinación previamente adjudicada ante la Oficina de Gerencia y Permisos (OGPe) tras la presentación de una *Querella* por parte del Municipio. A su vez, argumentó que, la controversia era cosa juzgada en virtud de que contenía las mismas alegaciones y controversias que fueron evaluadas ante un organismo administrativo. Asimismo, sostuvo que, la OGPe evaluó la controversia y desestimó la causa de acción instada por el Municipio con respecto a su impugnación de la construcción en la residencia del señor Lukin Giocomo. Con ello, ripostó que, el foro primario carecía de tener jurisdicción puesto que el pleito debió presentarse ante este Tribunal de Apelaciones tras recurrir de una *Resolución* administrativa. Por tanto, solicitó que el TPI desestimara la causa de acción ante la ausencia de jurisdicción sobre la materia y, por tanto, procedía la imposición de honorarios de abogados al amparo del Artículo 14.1 de la Ley 161-2009, *supra* sec. 9024.

El 10 de marzo de 2026, el Municipio instó una *Moción en oposición a moción de desestimación y en cumplimiento de orden* en la que esbozó que, la División de Remedios de la OGPe no adjudicó la controversia en los méritos toda vez que, desestimó la *Solicitud de Revisión Administrativa* radicada por el Municipio tras no cumplir con los requisitos procesales para el perfeccionamiento de la referida solicitud.[7] Así, argumentó que, no es aplicable la doctrina de cosa juzgada tras la agencia administrativa no adjudicar en los méritos la controversia. Por otro lado, adujo que, el TPI tenía jurisdicción para atender la *Petición* debido a que el remedio solicitado versa sobre la solicitud de un interdicto estatutario, el cual el *foro a quo*

---

[6] Entrada núm. 21 del caso núm. SJ2026CV00754 en el SUMAC.
[7] Entrada núm. 26 del caso núm. SJ2026CV00754 en el SUMAC.

ostenta jurisdicción. Por ende, indicó que, no procedía la desestimación dado a que el TPI es el foro judicial que le compete atender el interdicto estatutario solicitado. Igualmente, no procedía la imposición de honorarios de abogados.

El 13 de marzo de 2026, el señor Lukin Giocomo radicó una *Solicitud de desestimación* en la que argumentó que, el Municipio debió presentar un Recurso de Revisión Judicial en vista de que recurre de una Resolución administrativa emitida por la OGPe.[8] Ello, toda vez que, es el Tribunal de Apelaciones el foro facultado para atender controversias relacionadas a la Ley Núm. 161-2009, *supra,* y no el TPI. Añadió que, la controversia fue atendida por un organismo administrativo por lo que es de aplicación la doctrina de cosa juzgada. Por otro lado, resaltó que, el remedio solicitado en la *Petición* era contrario a la naturaleza para la cual fue creado el Artículo 14.1 de la Ley Núm. 161-2009, *supra.* Por tanto, solicitó que la causa de acción fuese desestimada por falta de jurisdicción.

Tras diversos incidentes procesales, el 16 de marzo de 2026, fue celebrada ante el TPI una vista evidenciaria en la que evaluó los argumentos de las partes.[9]

Luego, el 18 de marzo de 2026, el Municipio radicó una *Moción en oposición a moción de desestimación* en la que reiteró que, la causa de acción no era cosa juzgada tras la agencia administrativa no haber adjudicado en los méritos la controversia.[10] Por otro lado, sostuvo que, el Artículo 14.1 de la Ley Núm. 161-2009, *supra,* le confiere jurisdicción al foro primario para atender un interdicto posesorio.

Evaluada ambas posturas, el 30 de marzo de 2026, el *foro a quo* emitió y notificó una *Sentencia* en la que resolvió que, el Municipio debió acudir a través de un recurso de Revisión Judicial

---

[8] Entrada núm. 30 del caso núm. SJ2026CV00754 en el SUMAC.
[9] Entrada núm. 32 del caso núm. SJ2026CV00754 en el SUMAC.
[10] Entrada núm. 33 del caso núm. SJ2026CV00754 en el SUMAC.

ante este Tribunal tras solicitar la revisión de una *Resolución* administrativa.[11] El TPI resaltó que, lo establecido en el Artículo 14.1 de la Ley Núm. 161-2009, *supra,* no es un mecanismo alterno para solicitar la revisión de una *Resolución* administrativa. Distinguió que, el citado artículo solo permite en cuatro (4) instancias al foro primario atender en los méritos si procede un interdicto estatutario. El TPI resaltó que, conforme a lo resuelto en *Miranda Corrada v. Departamento de Desarrollo Económico y Comercio,* 211 DPR 738 (2023), le corresponde al Tribunal de Apelaciones atender asuntos relacionados a la concesión o denegatoria de un permiso. El *foro a quo* resolvió que, no surgía de la *Petición* las circunstancias establecidas en el Art. 14.1 de la Ley Núm. 161-2009, *supra,* para intervenir en la controversia. Consecuentemente, desestimó el pleito tras entender que el asunto era cosa juzgada.

Tras diversas presentaciones de mociones relacionadas a memorando de costas y honorarios de abogados, el 1 de abril de 2026, el señor Gómez Marrero presentó un *Memorando de costas* en la que solicitó la cuantía de $90.00 en concepto de costas.[12]

En igual fecha, el señor Lukin Giocomo instó una *Moción informando honorarios de abogado* en la que rogó la concesión del monto de $6,400.00 con relación a honorarios de abogados al amparo del Art. 14.1 de la Ley Núm. 161-2009, *supra.*[13]

Ese mismo día, el señor Gómez Marrero radicó una *Solicitud de orden* en la que le requirió al TPI que emitiera una orden fundamentando las razones por las cuales no impuso honorarios de abogados.[14]

En respuesta, el 2 de abril de 2026, el Municipio presentó una *Moción en oposición a solicitud de reconsideración, solicitud de*

---

[11] Entrada núm. 41 del caso núm. SJ2026CV00754 en el SUMAC.
[12] Entrada núm. 46 del caso núm. SJ2026CV00754 en el SUMAC.
[13] Entrada núm. 47 del caso núm. SJ2026CV00754 en el SUMAC.
[14] Entrada núm. 45 del caso núm. SJ2026CV00754 en el SUMAC.

*reconsideración, solicitud de orden, memorando de costas, moción informando honorarios de abogado y memorando de costas* en la que alegó que, no procedía la imposición de costas y honorarios de abogados tras no celebrarse un juicio en su fondo sobre la controversia.[15]

Empero, el 1 de abril de 2026, notificada el 6 de abril de 2026, el foro primario emitió una *Resolución* en la que le impuso al Municipio el pago de $2,000.00 en concepto de honorarios de abogados en favor del señor Lukin Giocomo y el señor Gómez Marrero.[16]

El 6 de abril de 2026, el TPI emitió una *Resolución* en la que ordenó el pago de $90.00 relacionado a las costas solicitadas por el señor Gómez Marrero.[17]

Insatisfecho, el 7 de abril de 2026, el señor Lukin Giocomo instó una *Solicitud de reconsideración* en la que solicitó una mayor cuantía de honorarios de abogados.[18]

Ese mismo día, el señor Gómez Marrero radicó una *Solicitud de reconsideración a resolución de 6 de abril de 2026* en la que inquirió un aumento en la suma ordenada por el *foro a quo* en concepto de honorarios de abogados.[19]

Al día siguiente, el TPI emitió una *Resolución Interlocutoria* en la que declaró No Ha Lugar a la *Solicitud de reconsideración.*[20]

En igual fecha, el foro primario remitió una *Resolución Interlocutoria* en la que también declaró No Ha Lugar a la *Solicitud de reconsideración a resolución de 6 de abril de 2026.*[21]

Inconforme, el 10 de abril de 2026, el Municipio presentó un recurso de *Apelación* en la que formuló los siguientes errores:

---

[15] Entrada núm. 49 del caso núm. SJ2026CV00754 en el SUMAC.
[16] Entrada núm. 51 del caso núm. SJ2026CV00754 en el SUMAC.
[17] Entrada núm. 53 del caso núm. SJ2026CV00754 en el SUMAC.
[18] Entrada núm. 55 del caso núm. SJ2026CV00754 en el SUMAC.
[19] Entrada núm. 59 del caso núm. SJ2026CV00754 en el SUMAC.
[20] Entrada núm. 60 del caso núm. SJ2026CV00754 en el SUMAC.
[21] Entrada núm. 61 del caso núm. SJ2026CV00754 en el SUMAC.

Primer error: Erró el Tribunal de Primera Instancia al desestimar la petición, declarándose sin jurisdicción sobre la materia, y al entender que la petición carece de méritos que justifiquen la concesión de un remedio, toda vez que la Resolución de OGPE no tuvo efectos preclusivos.

Segundo error: Erró el Tribunal de Primera Instancia al desestimar la petición, basándose en que se trata de cosa juzgada no susceptible de consideración judicial, sin tomar en cuenta que la revisión administrativa que dio paso a la resolución administrativa no se atendió en sus méritos.

Tercer error: Erró el Tribunal de Primera Instancia al concluir que el Municipio intentó relitigar la controversia.
Cuarto error: Erró el Tribunal de Primera Instancia al aplicar el caso *Miranda Corrada v. DDEC*, et. al. 211 DPR 738 (2023), cuando dicho caso distinguible de la controversia del caso de marras.

Así las cosas, el 21 de abril de 2026, el señor Lukin Giocomo y el señor Gómez Marrero radicaron una *Apelación*[22] en la que coligaron los siguientes errores:

Primer error: Erró el TPI al negarse a imponer el pago de los honorarios de abogado que los apelantes asumieron para oponerse a la Petición carente de mérito y razonabilidad sometida por el Municipio de San Juan, conforme lo establece el Artículo 14.1 de la Ley 161-2009.

Segundo error: Erró el TPI al negarse a imponer el pago de las costas reclamadas por el apelante Giocomo, a pesar de que la Regla 44.1 de Procedimiento Civil reconoce como recobrables los gastos necesariamente incurridos en la tramitación del pleito o procedimiento y de que las partidas reclamadas por concepto de intérprete y comparecencia de la perito fueron necesarias y razonables para la defensa efectiva del apelante en un procedimiento sumario y extraordinario al amparo del Art. 14.1 de la Ley Núm. 161-2009.

El 23 de abril de 2026, emitimos una *Resolución* en la que consolidamos ambos recursos tras versar sobre la misma materia y las partes recurrir del mismo dictamen y concedimos el término correspondiente para su oposición.

En cumplimiento con nuestra *Resolución*, el 1 de mayo de 2026, el señor Gómez Marrero radicó un *Alegato del agrimensor Daniel Gómez Marrero* en oposición a la *Apelación* instada por el Municipio.

---

[22] Tal como hemos esbozado, el recurso de *Apelación* se acogerá como un recurso de *Certiorari* tras las partes solicitar que revisemos una *Resolución*.

Respectivamente, el 8 de mayo de 2026, el señor Lukin Giocomo instó un *Alegato en oposición* a la *Apelación* presentada por el Municipio.

Por otro lado, con relación a la *Apelación* radicada por el señor Lukin Giocomo y el señor Gómez Marrero, el 8 de mayo de 2026, el Municipio presentó un *Alegato del Municipio autónomo de San Juan* en oposición al mencionado recurso.

Con el beneficio de la comparecencia de las partes, procederemos a resolver los recursos ante nuestra consideración.

## II.

## A.

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante entre las partes. *MCS Advantage, Inc. V. Fossas Blanco*, 211 DPR 135, 144 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385–386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Los tribunales estamos impedidos de atender controversias en las que carezcamos de jurisdicción sobre la materia. *MCS Advantage, Inc. V. Fossas Blanco, supra*, pág. 144-145. La jurisdicción sobre la materia ha sido definida como "la capacidad del Tribunal para atender y resolver una controversia sobre un aspecto legal". *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Los asuntos relacionados a la jurisdicción son privilegiados y deben resolverse con preferencia a cualquiera otro asunto. *SLG Szendrey Ramos v. F. Castillo, supra*, pág. 882. Los tribunales deben examinar su propia jurisdicción, así como del foro de donde procede el recurso ante su consideración. *SLG Szendrey Ramos v. F. Castillo, supra*, pág. 883. Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386

(2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 211 DPR 950 (2023). Los tribunales no tienen discreción para asumir jurisdicción donde no la tienen. *SLG Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Morán v. Martí*, 165 D.P.R. 356 (2005).

**B.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004-1005 (2021); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc, supra; Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación

constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla ___ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al.,* *supra*; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 97. Ahora bien, este Tribunal de Apelaciones puede expedir el auto de certiorari cuando "se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos que revistan interés público o cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Rivera et al. v. Arcos Dorados et al.*, *supra*, pág. 195.

## C.

La *Ley de Reforma del Proceso de Permisos de Puerto Rico*, Ley Núm. 161 de 1 de diciembre de 2009, según enmendada, 23 LPRA sec. 9011, *et. seq*, (Ley Núm. 161-2009) rige el marco jurídico y administrativo sobre la solicitud, evaluación, concesión y denegación de permisos por el Estado relacionado a las obras de construcción y el uso de terrenos. *Díaz Vázquez v. Colón Pena*, 214 DPR 1135, 1144 (2024); *Laureano v. Mun. de Bayamón*, 197 DPR 420, 433 (2017). Con ello, se le encomendó a la Oficina de Gerencia de Permisos velar el cumplimiento de la concesión de permisos. Art. 2.1 de la Ley Núm. 161-2009, *supra* sec. 9012; *Díaz Vázquez v. Colón Pena, supra*, pág. 1144. El citado estatuto le confirió autoridad a ciertos Municipios para denegar o autorizar los permisos que tenga ante su consideración. Art. 8.1 de la Ley Núm. 161-2009, *supra* sec. 9018; *Díaz Vázquez v. Colón Pena, supra*, pág. 1144. Ahora bien, el Art. 14.1 de la Ley Núm. 161-2009, *supra* sec. 9024, faculta al Tribunal de Primera Instancia a conceder un interdicto permanente, con tal de solicitar la revocación de un permiso, la paralización de

una obra, la demolición de obras, cuando una parte tenga un interés propietario o personal que se pudiera afectar. El mencionado artículo estatuye que:

> La Junta de Planificación, un Municipio Autónomo con Jerarquía de la I a la III, o una Entidad Gubernamental Concernida que haya determinado que sus leyes y reglamentos han sido violados podrá presentar una acción de injunction, mandamus, sentencia declaratoria, o cualquier otra acción adecuada para solicitar: 1) la revocación de una determinación final otorgada, cuya solicitud se haya hecho utilizando información incorrecta o falsa con la intención de inducir a error al ente que emite el permiso, y que en cualquiera de los casos, ya sea por la información incorrecta o falsa, de haberse considerado todos los factores reales, no lo hubiera aprobado; 2) la paralización de una obra iniciada sin contar con las autorizaciones y permisos correspondientes, o incumpliendo con las disposiciones y condiciones del permiso otorgado; 3) la paralización de un uso no autorizado o de una construcción autorizada mediante permiso, para la cual no se hayan realizado los pagos correspondientes a aranceles, pólizas, arbitrios y sellos; 4) la demolición de obras construidas, que al momento de la presentación del recurso y al momento de adjudicar el mismo no cuenten con permiso de construcción, ya sea porque nunca se obtuvo o porque el mismo ha sido revocado.

> [...]

> **Indistintamente de haberse presentado una querella administrativa ante la Junta de Planificación, Entidad Gubernamental Concernida, Municipio Autónomo con Jerarquía de la I a la V** [sic] **o cualquier otra dependencia o instrumentalidad del Gobierno de Puerto Rico, alegando los mismos hechos**, una parte adversamente afectada podrá presentar un recurso extraordinario en el Tribunal de Primera Instancia. **Una vez habiéndose presentado el recurso extraordinario al amparo del presente Artículo, la agencia administrativa perderá jurisdicción automáticamente sobre la querella y cualquier actuación que llevare a cabo con respecto a la misma será considerada ultra vires.**

(Énfasis nuestro).

Cónsono con lo anterior, el recurso de interdicto estatutario se distingue por ser "un mecanismo estatutario, independiente, sumario y limitado", y cuyo propósito fundamental es "hacer viable la efectividad de las leyes y los reglamentos de planificación". *Díaz Vázquez v. Colón Pena, supra,* pág. 1146, citando a: *CBS Outdoor v. Billboard One, Inc. et al.,* 179 DPR 391, 408 (2010); *Plaza Las Américas v. N & H,* 166 DPR 631, 646 (2005); *ARPe v. Rivera,* 159 DPR 429, 443 (2003); *Luan Investment Corp. v. Román,* 125 DPR 533, 544 (1990). El interdicto permanente que estatuye el referido

artículo procura que el Tribunal ordene a la parte demandada que cese de incurrir en ciertas conductas, acciones o actividades que alberguen duda sobre el cumplimiento reglamentario para ostentar un permiso. *Díaz Vázquez v. Colón Pena, supra*, pág. 1152. Cabe resaltar que, el interdicto permanente establecido en el Art. 14 de la Ley Núm. 161-2009, *supra*, no se rige por los criterios que aplican al interdicto al amparo de la Regla 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 57. *Díaz Vázquez v. Colón Pena, supra*, pág. 1148. En esa línea, el Tribunal Supremo ha expresado que, el remedio que concede el Art. 14.1 de la Ley Núm. 161-2009, *supra* sec. 9024, no es de aplicación los requisitos de un interdicto en virtud de las Reglas de Procedimiento Civil, *supra*. El Art. 14.1 de la Ley Núm. 161-2009, *supra* sec. 9024, es un remedio estatutario disponible para la intervención judicial y de forma sumaria, aunque existan otros remedios en ley.

Así pues, si el demandante resulta no ser favorecido, "el Tribunal tiene la obligación de imponer honorarios de abogados cuando su petición resulta carente de mérito y razonabilidad o se presenta con la finalidad de paralizar una obra o permiso sin fundamento en ley". Art. 14.1 de la Ley Núm. 161-2009, *supra* sec. 9024; *Díaz Vázquez v. Colón Pena, supra*, pág. 1146.

**III.**

En su recurso de *Apelación*, el Municipio argumentó que el TPI erró en desestimar la *Petición* interpuesta puesto que es el foro con jurisdicción para atender el interdicto estatutario. Asimismo, alegó que, la controversia no era cosa juzgada toda vez que, la OGPe no atendió en los méritos la controversia dado que fue desestimada la *Querella*. Además, resaltó que, no era de aplicación *Miranda Corrada v. Departamento de Desarrollo Económico y Comercio*, 211 DPR 738 (2023) tras ser distinto al caso de epígrafe.

Por estar relacionados los señalamientos de error, procederemos a discutirlos en conjunto.

Conforme las normas jurídicas pormenorizadas, el Art. 14.1 de la Ley Núm. 161-2009, *supra* sec. 9024, establece que una parte que ostente un interés propietario o personal que se pudiera afectar puede acudir a un Tribunal en aras de lograr obtener un <u>interdicto estatutario</u> para solicitar: "(1) la revocación de un permiso otorgado, cuya solicitud se haya hecho utilizando información incorrecta o falsa; (2) la paralización de una obra iniciada sin contar con las autorizaciones y permisos correspondientes, o incumpliendo con las disposiciones y condiciones del permiso otorgado; (3) la paralización de un uso no autorizado; (4) la demolición de obras construidas, que al momento de la presentación del recurso y al momento de adjudicar el mismo no cuenten con permiso de construcción, ya sea porque nunca se obtuvo o porque el mismo ha sido revocado". El citado artículo y la jurisprudencia aplicable reitera que, pese a que se haya presentado una querella administrativa ante la Junta de Planificación, Entidad Gubernamental o un Municipio Autónomo con Jerarquía de la I a la V o dependencia, en la que se aleguen los mismos hechos por una parte adversamente afectada, esta puede acudir al TPI en búsqueda de la concesión de un remedio extraordinario. A esos efectos, el organismo administrativo pierde jurisdicción sobre ello. Al respecto, en *Díaz Vázquez v. Colón Pena, supra,* el Tribunal Supremo fue enfático en que el procedimiento que dispone el Art. 14 de la Ley Núm. 161-2009, *supra,* es distinguible de un interdicto al amparo de las Reglas de Procedimiento Civil, *supra.* Igualmente, resolvió que, un organismo administrativo o las dependencias que establece el mencionado artículo, pierden jurisdicción sobre dicha controversia puesto que versa sobre un remedio el cual únicamente el foro primario tiene facultad.

Luego de examinar minuciosamente la controversia ante nos, resolvemos que le asiste la razón al Municipio y, por tanto, el TPI erró en desestimar la *Petición* instada por el Municipio. Veamos.

Esta Curia tomó conocimiento sobre una *Querella* que fue presentada por el Municipio ante la OGPe en la que alegó que, el señor Lukin Giocomo y el señor Gómez Marrero estaban construyendo unas obras de construcción del señor Lukin Giocomo sin los permisos correspondientes. No obstante, la OGPe desestimó la controversia puesto que la *Querella* no cumplió con los requisitos reglamentarios para su perfeccionamiento. Empero, el Municipio acudió ante el TPI en búsqueda de que concediera un interdicto estatutario al amparo del Art. 14.1 de la Ley Núm. 161-2009, *supra* sec. 9024. Al respecto, el foro primario evaluó ambas posturas y determinó que la controversia era cosa juzgada debido a que fue ventilada por una agencia administrativa.

Ciertamente, el *foro a quo* erró en su razonamiento dado que surge palmariamente en la Ley Núm. 161-2009, *supra*, que **una agencia administrativa pierde jurisdicción cuando se presenta una solicitud.** Art. 14.1 de la Ley Núm. 161-2009, *supra* sec. 9024. El TPI no puede escudarse en lo resuelto por *Miranda Corrada v. Departamento de Desarrollo Económico y Comercio, supra*, en vista de que la naturaleza y para el propósito por el cual fue creado el Art. 14.1 de la Ley Núm. 161-2009, *supra*, fue para encomendarle al TPI determinar si procede o no un interdicto estatutario. Es meritorio resaltar que, en *Miranda Corrada v. Departamento de Desarrollo Económico y Comercio, supra*, el Tribunal Supremo resolvió sobre los asuntos en los cuales la OGPe tiene jurisdicción. En esa línea, el máximo foro judicial razonó que la OGPe tiene jurisdicción para evaluar si procede conceder o denegar una solicitud de permiso. Así, de una parte estar insatisfecha puede acudir ante este Tribunal de Apelaciones. Sin embargo, tanto el Art. 14.1 de la Ley Núm. 16-

2009, *supra*, y en *Díaz Vázquez v. Colón Pena, supra*, el Tribunal Supremo fue enérgico en resaltar que cuando una parte interesada acuda al foro primario en búsqueda de un interdicto estatutario mediante el mecanismo establecido en el citado artículo, el foro facultado con jurisdicción para atender la procedencia del remedio solicitado es el TPI y no la OGPe. Ello, aunque el foro primario atienda los mismo hechos y argumentos previamente esbozados ante un organismo administrativo o las dependencias establecidas estatutariamente. Al respecto, lo resuelto en *Miranda Corrada v. Departamento de Desarrollo Económico y Comercio, supra*, no es aplicable a los hechos y controversia ante nuestra consideración. Ciertamente, el Municipio no estaba relitigando la controversia toda vez que, cuando se presenta una solicitud de interdicto permanente al palio del Art. 14.1 de la Ley Núm. 161-2009, *supra*, el TPI es el foro judicial con jurisdicción para atender dicho remedio y no el organismo administrativo. Es decir, la OGPe no es el foro que ostenta jurisdicción para conceder un interdicto estatutario. Con ello, el Municipio actuó correctamente en acudir al TPI, el cual es el foro con jurisdicción para conceder un interdicto estatutario en virtud del Art. 14.1 de la Ley Núm. 161-2009, *supra*, aunque se atienda los asuntos previamente esbozados ante la OGPe. Resolver en contrario sería atentar contra el espíritu de la ley y ocasionar un perjuicio al Municipio tras dejarla desprovista de obtener un remedio conforme a derecho.

En vista de lo anterior, este Tribunal de Apelaciones revoca la *Sentencia* apelada toda vez que, el foro primario tiene jurisdicción para atender un remedio al amparo del Art. 14.1 de la Ley Núm. 161-2009, *supra*, y no la OGPe.

Por otro lado, el señor Lukin Giocomo y el señor Gómez Marrero radicaron una *Apelación*[23] en la que argumentaron que el foro primario erró en negarse a imponer la suma en concepto de honorarios de abogados y costas solicitadas por estos en virtud del Art. 14.1 de la Ley Núm. 161-2009, *supra*, y la Regla 44.1 de Procedimiento Civil, *supra*, R. 44.1,

Tras un examen sosegado del expediente ante nos, y en correcta práctica apelativa, colegimos que no debemos abstenernos de ejercer nuestra función revisora y, de intervenir con la determinación del foro primario. Lo anterior, puesto que la *Resolución* recurrida es contraria a derecho y, por tanto, cumple con uno de los requisitos reglamentarios que nos faculta a expedir un auto de *certiorari*.[24]

A tenor con el marco jurídico expuesto, el Art. 14.1 de la Ley Núm. 161-2009, *supra* sec. 9024, ordena al foro primario que conceda honorarios de abogados cuando el demandante radique una "petición carente de mérito y razonabilidad con tal de paralizar una obra sin permiso de ley". Tal como esbozamos previamente, esta Curia resolvió que procede revocar la *Sentencia* apelada debido a que el TPI resolvió contrario al Art. 14.1 de la Ley Núm. 161-2009, *supra*, y la jurisprudencia aplicable. A esos efectos, no debemos ordenar al Municipio a cumplir con el pago de los honorarios de abogados ordenados por el *foro a quo*. Atisbamos que, sería oneroso ordenar al Municipio a cumplir con el pago de honorarios de abogados toda vez que, el TPI aplicó incorrectamente el Art. 14.1 de Ley Núm. 161-2009, *supra* sec. 9024. Nuevamente, reiteramos que el *foro a quo* debió evaluar en sus méritos si tenía el deber de ordenar el interdicto estatutario solicitado. Ante ello, no podemos resolver

---

[23] La Apelación presentada por el señor Lakin Giocomo y el señor Gómez Marrero fue acogida como un *Certiorari* tras recurrir de una *Resolución*.

[24] Regla 40 (a) del Reglamento del Tribunal de Apelaciones, *supra*, R. 40 (a).

contrario a derecho y el análisis esbozado, por lo que también estamos en la obligación de revocar la *Resolución* recurrida.

Conforme con esos principios y, en virtud de que se cumplen con los criterios establecidos para la expedición del auto de *certiorari* y en armonía con la normativa aplicable, expedimos el auto de *certiorari* y revocamos la *Resolución* recurrida.

## IV.

Por los fundamentos que anteceden, revocamos la *Sentencia* apelada, expedimos el auto de *certiorari* y revocamos la *Resolución* recurrida. Devolvemos el caso ante el foro primario para que resuelva conforme a lo aquí resuelto.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones